IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CALVIN WOODKINS,           Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:06-CV-088-A |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division,           Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Calvin Woodkins, TDCJ-ID # 446117, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.     PROCEDURAL HISTORY**

Woodkins is serving a life sentence for a capital murder conviction. (State Habeas R. at 57.) In 1975, he was sentenced to death. His death sentence was reformed to life imprisonment in March 1987. Woodkins has filed various state and federal petitions for habeas corpus relief.[1] This petition challenging his conviction was filed on December 5, 2005, in the United States District Court for the Eastern District, Tyler Division, and transferred to this court on January 4, 2006.[2] Dretke has filed a motion to dismiss the petition as an unauthorized successive petition under 28 U.S.C. § 2244(b).

**D.     SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

>       (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>       (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[1] The court takes judicial notice of the court records in Woodkins's prior federal habeas corpus actions. Woodkins challenged the same conviction in at least two of the prior actions.

[2] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

28 U.S.C. § 2244(b)(1)-(2).  Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals.  *Id.* § 2244(b)(3).

Woodkins neither asserts nor does the record reflect that he has moved and the Fifth Circuit Court of Appeals has issued an order authorizing this court to consider the petition as required by 28 U.S.C. § 2244(b)(3).  This court is, therefore, without jurisdiction to consider the petition.  *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II.  RECOMMENDATION

It is recommended that Dretke's motion to dismiss be GRANTED and that Woodkins's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 19, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 19, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 29, 2006.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

4